Albert Orenstein, J.
This is an appeal from a decision after trial before the court, without a jury, rendered in the City Court of the City of Syracuse, dismissing plaintiff-appellant’s complaint on the merits. Defendant was a customer at the plaintiff’s store, and prior to July 1, 1966 carried a small charge account on which payments were made promptly. On July 1, 1966, her charge account had been paid in full and she contemplated the purchase of $8.95 worth of merchandise. The sales clerk suggested a coupon book system for the purchase of the goods and directed her to the office where, at plaintiff’s solicitation, she signed a retail installment contract for the purchase of one coupon book for $100, plus a credit service charge of $16, and a 76-cent charge for credit life insurance, making a total of $116.76, *38 payable in 23 monthly installments of $5 each, plus a final installment of $1.76.
She signed this contract and was given a book referred to here ' ■as a credit coupon book containing $100 worth of coupons in denominations ranging from 25 cents to $5 each, bearing a similar identifying number.
She then returned with the coupon book to the clerk and gave him the required amount of coupons for the $8.95 purchase she then made.
A few days later the defendant sent a payment of $5 to the plaintiff’s store, and then on August 4, 1966, she sent a payment of $4 ,which paid in full the amount owed for merchandise purchased on July 1, 1966. She made no credit purchases at the plaintiff’s store since that time, and failed to make any other payments on the contract for the purchase of the $100 coupon book.
After several demands for payment, defendant went to the plaintiff’s store in October, 1966 and was told that she owed a balance of over $100 for the coupon book. She stated that she had never intended to use it and had thrown away the book.
Plaintiff sued for the balance due on the account. The court below dismissed the plaintiff’s complaint on the ground that since there was no proof of any purchases made with the coupons, the plaintiff had failed to establish any damage as a result of defendant’s loss of the book.
This seems to be a case of first impression with regard to this type of credit buying. Although the plaintiff maintains the coupons are “ like money ”, the coupon book issued by plaintiff is a much more modest arrangement, by which the purchaser of the coupon book may use the coupons “ like money ” only in the •stores of the plaintiff. In this it resembles any other credit card arrangement, varying only in that it eliminates the need for a signature at the time of each purchase.
The appellant further contends that the transaction herein is in keeping with section 402A of the Personal Property Law governing ‘ ‘ merchandise certificates ”.
The record and circumstances concerning this issuance .of credit coupons, in the opinion of this court, falls in the category of a “ device issued by a person to another person which authorizes the holder to obtain credit or to purchase or lease property or services on the credit of the issuer or of the obligor ’ ’. (General Business Law, § 511, subd. 1.)
Significantly, the liability for the use of a lost credit card, assuming the card is in conformity with section 512 of the *39 General Business Law, presupposes that goods are actually purchased or obtained by the finder or the thief.
The inside of the back cover of the credit coupon book bears the following legend:
GRANT-A-CHARGE CREDIT COUPON BOOK
This book contains coupons good for the purchase of merchandise and/or services from the W. T. Grant Company and Member Stores when properly authorized by our cashier’s stamp.
W. T. Grant Company assumes no liability or responsibility to the purchaser if book is stolen, lost or destroyed.
Customer’s Signature-
Address-
It is the plaintiff who devised this credit plan and solicited the defendant’s participation therein; all the monetary advantages arising therefrom flow to the plaintiff. It is incumbent upon the plaintiff to devise a means to protect itself against the use of lost coupons and to bear the responsibility for clearly explaining to a purchaser the full implications of the purchaser’s duty under the contract. “ While it may be imperative in this age of modernization for mercantile establishments to embrace, compress and sort information from differing departments through the use of electronic data-processing equipment, it is manifestly unfair to shift the burdens of its inadequacies or failure to the innocent consumer whose status, in this modern day, remains unchanged. It is immaterial whether the defendant is the sole customer or is one of one and a half million customers to whom credit cards have been issued by plaintiff ’ ’. (Allied Stores v. Funderburke, 52 Misc 2d 872, 878.)
It does not seem an onerous burden to require the seller to be governed by the requirements of section 512 of the General Business Law, dealing with lost credit cards. Under this statute, defendant would be held responsible for merchandise or services purchased by individuals who have either found or stolen the coupon book, absent negligence by the seller, until the company is notified of the loss or theft. (Texaco v. Goldstein, 34 Misc 2d 751, affd. 39 Misc 2d 552; Allied Stores v. Funderburke, supra; Uni Serve Corp. v. Vitiello, 53 Misc 2d 396.)
The plaintiff contends that the lost coupon book, if recovered by a third party, can be used by anyone in the United States, *40 and claims that it cannot guard itself against such risk. I do not agree.
The Legislature, by adopting section 512 of the General Business Law, has indicated a concern for the liability of credit card holders who have lost their credit cards. Section 512 calls for conspicuous writing or printing in order to impose liability on the legal holder for use of a lost or stolen credit card. An adequate warning to the issuer is required if the credit card holder’s responsibility is to be terminated. In the present case no such admonition or warning was given the defendant to impress upon her the consequences of losing the book; nor was any direction given that immediate notice of its loss be given to the plaintiff. The vague message on the inside cover of this coupon book fails to warn the defendant of the consequences resulting from loss or destruction of the book.
It appears that in October, 1966, the defendant did notify the plaintiff of the loss and there is no proof in the record ,of any loss or damage to the plaintiff through the use of the coupon book by another. This was the reasoning of the trial court with which this court is in agreement. The judgment of the court below is affirmed.